**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DAVID ALLEN WILSON,

        Plaintiff,

        v.

JOSEPH ROBINETTE BIDEN, JR., *et al.*,

        Defendants.

Civil Action No. 21-16994 (MAS) (DEA)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

This matter comes before the Court on the *in forma pauperis* application ("IFP Application") of Plaintiff David Allen Wilson ("Wilson") to proceed without prepayment of fees under 28 U.S.C. § 1915. (IFP Appl., ECF No. 4.)

I.    **BACKGROUND**

The pro se Complaint alleges that Defendants President Biden, Vice President Harris, Governor Murphy, and Trenton Mayor Gusciora (collectively, "Defendants") violated Wilson's Fourth Amendment rights and committed numerous torts against Wilson. Specifically, Wilson's Complaint alleges that Defendants used a "questionabl[y] legal federal wiretap" to "illegally wiretap" Wilson's bedroom. (Compl. 3, ECF No. 1.) When prompted to describe his claims, Wilson's Complaint provides in full that "Chief Federal Defendants, President Biden, along with his Co-Defendants, attempted to force Plaintiff, David Allen Wilson, to stop U.S. Tax Court case I have against [Internal Revenue Service] through terroristic threats, assault and battery, and

robbery of Plaintiff." (*Id.* at 4 (capitalization and errors corrected).) As a result of these actions, Wilson asserts damages and medical expenses of up to $100 million. (*Id.*)

## II.  LEGAL STANDARD

Congress designed the *in forma pauperis* statute, 28 U.S.C. § 1915, to "ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (citation omitted). To protect against abusive applications, Congress also authorized dismissal if a district court finds that an *in forma pauperis* complaint is frivolous or malicious, or fails to state a claim. 28 U.S.C. § 1915(e)(2)(B); *see also Deutsch v. United States*, 67 F.3d 1080, 1084 (3d Cir. 1995). Further, "[i]n determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of [the p]laintiff." *Abdul-Mateen v. Fed. Bureau of Prisons*, No. 11-4715, 2012 WL 2087451, at *1 (D.N.J. June 8, 2012). But "[t]he court is not obligated to craft legal theories for the plaintiff or to supply factual allegations to support the plaintiff's claims. Nor may the court assume the role of advocate for the pro se litigant." *Sharp v. Biden*, No. 21-719, 2021 WL 4820737, at *2 (D.N.M. Oct. 15, 2021) (citing *Hall v. Bellman*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

## III.  DISCUSSION

### A.  The Court Grants Wilson's IFP Application.

The Court must carefully review Wilson's IFP Application and "if convinced that [Wilson] is unable to pay the court costs and filing fees, the [C]ourt will grant leave to proceed *in forma pauperis*." *Douris v. Middletown Township*, 293 F. App'x 130, 132 (3d Cir. 2008) (citing *Deutsch*, 67 F.3d at 1084 n.5) Here, in support of his IFP Application, Wilson submitted a statement of his assets, income, and expenses. (*See generally* IFP Appl.) The IFP Application is complete and indicates that Wilson is retired and that his retirement income exceeds his expenses by slightly less than $250 per month. (*Id.* at 1-2, 4-5.) Although the IFP Application indicates that Wilson has over

$3,000 in various bank accounts, it also indicates that he has approximately $10,000 in medical and credit card debt. (*Id.* at 2, 5.) The Court, accordingly, finds that Wilson has established indigence and grants the IFP Application.

      **B.**    **The Court Dismisses Wilson's Complaint.**

The Court next screens Wilson's Complaint to determine whether the Complaint is frivolous or malicious, or fails to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B). When assessing a complaint, the Court must accept as true a plaintiff's well-pleaded factual allegations but may ignore legal conclusions or factually unsupported, "the-defendant-unlawfully-harmed-me" accusations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Here, Wilson's Complaint fails to assert well-pleaded factual allegations. For one, it never articulates when any of the relevant conduct occurred. Nor does it distinguish how each Defendant harmed him. For example, despite alleging terroristic threats and assault, Wilson never alleges the content of the threats or the nature of the assault. (*See* Compl. 4.) Wilson's Complaint also appears to contradictorily allege that the wiretap was both legal and illegal—thereby rendering the allegation implausible on its face. (*See, e.g., id.* at 3 (citing "questionable [sic] legal federal wiretap to illegally wiretap [Wilson's] bedroom" (emphasis added)).) In short, the Court cannot ascertain whether Wilson's Complaint raises any plausible claims.

Further, Wilson's Complaint appears to seek relief from Defendants who are immune from suit. Absolute immunity bars claims for damages against the President, even for acts within the "outer perimeter" of the President's duties in office. *See Sharp*, 2021 WL 4820737, at *4 ("A constitutional claim for damages against the President is barred by absolute immunity." (citing *Heffington v. Bush*, 337 F. App'x 741, 743 (10th Cir. 2009))). Similarly, a state official like Governor Murphy, sued in his official capacity, is "entitled to sovereign immunity from [Wilson's]

claims for damages" through the Eleventh Amendment. *See Smith v. Smith*, No. 20-9120, 2020 WL 4199782, at *4 (D.N.J. July 22, 2020) (citing *Kaul v. Christie*, 372 F. Supp. 3d 206, 243 (D.N.J. 2019)). Also, although unclear from the facts alleged in Wilson's Complaint, the Court surmises that all Defendants may be entitled to immunity under the doctrine of qualified immunity.

### IV.   CONCLUSION

For the reasons set forth above, the Court grants Wilson's IFP Application and dismisses Wilson's Complaint because it fails to state a claim and seeks monetary relief against certain Defendants who are immune from such relief. The Court will issue an order consistent with this Memorandum Opinion.

*/s/ Michael A. Shipp*
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE