UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DAVID ALLEN WILSON,

            Plaintiff,

            v.

PRESIDENT JOSEPH ROBINETTE BIDEN, JR.,

            Defendant.

Civil Action No. 21-16994 (MAS) (DEA)

**MEMORANDUM ORDER**

This matter comes before the Court on pro se Plaintiff David Allen Wilson's ("Wilson") Amended Complaint. (Am. Compl., ECF No. 7.) Because Plaintiff was granted *in forma pauperis* status (ECF No. 6), the Court screens his Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and *sua sponte* dismisses any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

I.    **BACKGROUND**

Wilson's claims against President Joseph Robinette Biden, Jr. (the "President")[1] include violations of his First, Fifth, Sixth, Seventh, and Eighth Amendment rights, attempted murder or manslaughter, conspiracy to murder, and wiretapping. (Am. Compl. 2.) Wilson alleges that the

---

[1] The Court notes that Wilson did not name several defendants named in Wilson's original Complaint (Vice President Kamala Devi Harris, New Jersey Governor Phil Murphy, Trenton Mayor Walter Reed Gusicora, and Clarence Walker) in the Amended Complaint. (*See* Compl., ECF No. 1.) Wilson's Amended Complaint names "JOSEPH ROBINETTE BIDEN, JR.; et al." in the caption, and although it references the President's "co-criminal defendants," Wilson does not specify them. (*See* Am. Compl. (emphasis in original).) Wilson is instructed to properly identify any defendants he wishes to include in any further amendments.

President conspired with other government agents to hire his neighbor, Clarence Walker ("Walker"), as an informant to assault and batter Wilson with an ice pick and physically attack him, ultimately causing cataract surgery and an IOL transplant.[2] (*Id.* at 3.) Wilson also claims that Walker and a "gang of ex-convicts" caused physical property damage to his apartment. (*Id.*) Wilson further alleges that he was physically assaulted and terrorized to stop him from filing a case in the United States Tax Court. (*Id.* at 4.)

## II. LEGAL STANDARD

Because Wilson has been granted *in forma pauperis* status, this Court is required to screen his Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss, the Court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). The Court need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual

---

[2] Wilson does not define this transplant, but the Court presumes he is referring to an intraocular lens implant.

2

enhancement.'" *Id.* (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 557 (2007)). A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). While pro se pleadings are to be liberally construed in conducting such analysis, pro se litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

### III.  **DISCUSSION**

The Court dismissed Wilson's original Complaint for failure to assert well-pleaded factual allegations—specifically, for not articulating when relevant conduct occurred, the contents of any threats, or the nature of any assaults. (Mem. Op. 3, ECF No. 5.) Additionally, the Court noted that Wilson's original Complaint seemed to seek relief from defendants who are immune from suit. (*Id.* ("Absolute immunity bars claims for damages against the President, even for acts within the 'outer perimeter' of the President's duties in office." (citation omitted).).)

The Amended Complaint fails for similar reasons. While Wilson seems to add some additional facts regarding certain instances of assault by Walker, he does nothing to link the President to the allegations. (Am. Compl. 3.) The only allegation in Wilson's Amended Complaint related to the President is the conclusory statement that the President "conspired and attempted to manslaughter and murder [] [Wilson] . . . by recruiting a government agent/informer . . . ." (*Id.*) Plaintiff does nothing to address the immunity issues raised by the Court in its dismissal of the original Complaint. (*See generally* Mem. Op.) The Court cannot draw a reasonable inference that the President is liable for the alleged misconduct.

IV. **ORDER**

Based on the foregoing, and for other good cause shown,

**IT IS**, on this 7<u>th</u> day of February 2023, **ORDERED** as follows:

1. The Clerk of the Court shall **REOPEN** the matter for consideration of Wilson's Amended Complaint.

2. Wilson's Amended Complaint is **DISMISSED** without prejudice.

3. Wilson is granted leave to file an amended complaint within thirty (30) days; and

4. The Clerk of the Court shall **CLOSE** the file.

_____
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

4